UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALFREDO LORENZO,

      Petitioner,

v.                                    Case No.  2:26-cv-860-JES-DNF

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION FACILITY, et
al.,

      Respondents.

_____/

## OPINION AND ORDER

Petitioner Alfredo Lorenzo, an immigration detainee, initiated this action by filing a pro se 28 U.S.C. § 2241 petition for writ of habeas corpus. (Doc. 1). Respondents have filed a response and a supplemental response to the petition. (Doc. 8; Doc. 11). Upon review of the parties' filings, the Court finds that the petition must be granted.

## I.  Background

Alfredo Lorenzo is a national and citizen of Cuba who was paroled into the United States on April 25, 1986. (Doc. 8 at 2). After being convicted on several drug related offenses (see Doc. 8-1 at 6-7), an immigration judge ordered his removal on October 2, 2009. (Doc. 8 at 2). Shortly thereafter, he was released under an order of supervision. (Id.)

On December 31, 2025, Immigration and Customs Enforcement (ICE) encountered Lorenzo at the Dade County Correctional Cetner after his arrest for petit theft.  (Doc. 8 at 2).  He was taken into immigration custody on January 2, 2026.  (Id.)

On several occasions Lorenzo has been taken to Port Isabel SPC in Los Fresno, Texas, but each time he has refused to voluntarily depart the United States.  (Doc. 11 at 2; Doc. 11-1 at 2-3).

## II.  Discussion

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days."  Singh v. U.S. Attorney Gen., 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).  The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  Id.  Detention may continue after the removal period, but not indefinitely.

Lorenzo argues that he is entitled to release under Zadvydas v. Davis, 533 U.S. 678 (2001), because his post-removal-order detention exceeds six months and there is no significant likelihood of removal in the reasonably foreseeable future.  In Zadvydas, the Supreme Court held that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700-01 (2001).  If

2

removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." Id. at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." Id. at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. Id. If, after 180 days, the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must provide sufficient evidence to show otherwise. Id.[1]

On April 10, 2026, Respondents argued that Lorenzo was not entitled to release because he had been detained only 99 days when he filed his petition on March 24, 2026. (Doc. 8 at 2). Now there is no dispute that he has been in ICE custody for more than six months following his latest order of removal. Thus, on July 1, 2026, the Court directed Respondents to update the Court with progress by "describe[ing] in detail all efforts made to secure

---

[1] The Supreme Court subsequently clarified that inadmissible aliens held in post-removal detention are also entitled to this type of individualized review after their detention exceeds six months. See Clark v. Martinez, 543 U.S. 371 (2005) (extending Zadvydas's holding to inadmissible aliens as a matter of statutory interpretation).

3

Lorenzo's removal." (Doc. 10). In their supplemental response (Doc. 11), Respondents argued that the Court should toll the removal period under 8 U.S.C. § 1231(a)(1)(C). Generally, Respondents contend that Lorenzo is not entitled to release because after his detention, ICE attempted several third-country removals to Mexico, but he thwarted ICE's efforts at removal by failing to voluntarily depart. (Doc. 11-1).

Title 8 U.S.C. § 1231(a)(1)(C) explicitly provides for extension of the removal period "if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C). The Eleventh Circuit Court of Appeals has recognized that the six-month period may be tolled if the noncitizen "'acts to prevent [his] removal'" by filing litigation "challeng[ing] issues related to his removal order and his post-removal period detention." Akinwale, 287 F.3d at 1052 n.4 (quoting 8 U.S.C. § 1231(a)(1)(C)). More recently, the Eleventh Circuit noted that "if the removal period was extended by operation of § 1231(a)(1)(C), then ICE can continue to detain [the petitioner] because 'the keys to [the petitioner's] freedom [are] in his pocket and [he] could likely effectuate his removal by providing the information requested,' so he 'cannot convincingly argue that there is no significant likelihood of removal.'" Singh, 945 F.3d

4

at 1314 (quoting Pelich v. Immigr. & Naturalization Serv., 329 F.3d 1057, 1060 (9th Cir. 2003)).

Here, Respondents do not show that Lorenzo's actions implicated § 1231(a)(1)(C). They offer the declaration of Deportation Officer Deborah Laucielo who generally asserts that Petitioner has refused to depart to Mexico several times, and most recently, on July 3, 2025, "the stage was set for the Petitioner's removal to Mexico through the PORT ISABEL SPC mission. Yet, at the critical hour, the Petitioner stated he was refusing to leave from the United States." (Doc. 11-1 at 2). It appears from Officer Laucielo's declaration that ICE transported Lorenzo to the Mexican border on several occasions and asked him to voluntarily depart. While Officer Laucielo insists that ICE will continue to try to persuade Lorenzo to voluntarily depart to Mexico, conspicuously absent from the supplemental response is any evidence that Mexico has agreed to accept him (and provided the appropriate paperwork) or has even been informed of his existence. In fact, Respondents provide no evidence suggesting that ICE has actually communicated with Mexico specifically regarding Alfredo Lorenzo. Nor do Respondents claim that necessary travel documents have been sought—let alone obtained—for any country. Without more, the Court cannot find that Lorenzo's actions in Texas prevented his removal and reset Zadvydas' 180-day clock. The Court's confidence in Lorenzo's foreseeable removal to Mexico is further

5

undermined by the fact that other district courts recognize that Mexico's acceptance of a Cuban national may be contingent upon the noncitizen's agreement to go there, which Respondents clearly do not have.  See Sanchez v. Bondi, et al., No. C25-2573-KKE, 2026 WL 160882, at 3-4 (W.D. Wash. Jan. 21, 2026) (noting that Mexico's conditional acceptance casted doubt on Respondents' ability to remove the petitioner); Arenado-Borges v. Bondi, No. 2:25-cv-2193-JNW, 2020WL 3687518, at *4 (W.D. Wash. Dec. 19, 2025) ("[T]he record suggest Mexico's acceptance may be contingent on the noncitizen's consent").

In short, Respondents have had almost 17 years—and more than six months since his present detention—to remove Lorenzo from the United States and are still unable to articulate a specific plan for his removal to Cuba, Mexico, or another country. Instead, the only efforts at removal are frequent trips to the United States-Mexico border in apparent attempts to coerce Lorenzo into voluntarily departing to a country of which he is not a citizen. But detaining a noncitizen and using the specter of continued detention to compel him to "voluntarily" depart by walking across an international border does not constitute removal; rather, it is an action designed to lead to the type of indefinite detention that Zadvydas sought to prevent.  And while there may be some possibility that Mexico will eventually accept Lorenzo, "that is not same as a significant likelihood that [he] will be accepted in

the *reasonably foreseeable future*." <u>Arenado-Borges</u>, 2025 WL 3687518, at *4 (emphasis added, quotations omitted).

Based on the evidence, or lack thereof, the Court finds that Respondents do not show a significant likelihood that Lorenzo will be removed in the reasonably foreseeable future. Therefore, he is entitled to release from detention under <u>Zadvydas</u>, but he remains subject to the terms of an order of supervision.[2] If he fails to comply with the conditions of release, Lorenzo may be subject to criminal penalties—including further detention. <u>See</u> 8 U.S.C. § 1253(b); <u>Zadvydas</u>, 533 U.S. at 695("[W]e nowhere deny the right of Congress . . . to subject [aliens] to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions.").

If removal becomes likely in the reasonably foreseeable future, ICE can re-detain Lorenzo to "assur[e] [his] presence at the moment of removal." <u>Zadvydas</u>, 533 U.S. at 680.

### III. Conclusion

Accordingly, it is **ORDERED**:

1.    Alfredo Lorenzo's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

---

[2] Petitioner is in ICE custody under a detainer from the state. If appropriate, Respondents shall return him to state custody.

7

2.    Respondents shall release Lorenzo within 24 hours of this Order and either return him to state custody or facilitate his transportation from the detention facility by allowing him telephone access to notify counsel and his family of when and where he can be collected.

3.    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on July 9, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

8